JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Estate of Samuel See

### DEFENDANTS
Timothy Reilly, Alberto Rivas, Donald Lateef, Chris Dadio, Michael Harrington, and Anthony Rilley

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Norman A. Pattis
383 Orange Street, New Haven, CT 06511
203-393-3017

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. 42, Section 1983

Brief description of cause:
Untimely death while in custody at the New Haven Police Department Lock-up

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/20/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF SAMUEL SEE,<br>Plaintiff, | : | |
| v. | : | CV_____ |
| TIMOTHY REILLY,<br>ALBERTO RIVAS,<br>DONALD LATEEF, CHRIS DADIO,<br>MICAHEL HARRINGTON,<br>ANTHONY RILLEY,<br>Defendants. | :<br>:<br>:<br>:<br>: | NOVEMBER 20, 2015 |

## C O M P L A I N T

1. This is an action arising from the untimely death of the plaintiff's decedent, Samuel See, while in custody incident to an arrest on November 23, 2013. At the time of his death, Samuel See was in the care and custody of the defendants as a pretrial detainee at the New Haven Police Department lockup, located at 1 Union Avenue in New Haven. The plaintiff claims that the defendants were deliberately indifferent to the safety of Samuel See in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Section 1983 of Title 42 of the United States Code.

3. The plaintiff, Estate of Samuel See, is the legal representative of Samuel See, who died while in the care and custody of the defendants herein named on November 24, 2013 at a detention facility located at 1 Union Avenue in New Haven. At all times relevant to this action the plaintiff's decendent was an adult resident of the State of Connecticut. The estate is presently open in New Haven, and the administrator

1

of the estate has authorized the bringing of this action. At the time of his death, Dr. See was a member of the teaching faculty at Yale University; he was 34-years-old at the time of his death.

4. Defendants Timothy Reilly, Alberto Rivas, Donald Lateef, Chris Dadio, Michael Harrington and Anthony Rilley were, at all times relevant to this action, employed as Judicial Marshalls by the State of Connecticut Judicial Branch. They were on duty performing their assigned duties under color of state law at a detention facility located at 1 Union Avenue in the City of New Haven Police Department. Each is sued in their individual capacity only.

5. On November 23, 2013 at about 5:15 p.m., members of the New Haven Police Department were dispatched to a domestic dispute involving Dr. See and his husband. Upon arrival, the officers learned both men had recently had protective orders issued against them prohibiting them from having contact with one another. Dr. See and his husband were placed under arrest for violation the protective orders. In addition, Dr. See was charged with interfering with a police officer and threatening in the second degree, arising from his conduct with the arresting officers.

6. Dr. See was injured while being taken into custody, and was taken to Yale-New Haven Hospital by ambulance for treatment of a laceration above his left eye. After receiving medical treatment, he was taken to 1 Union Avenue, where he was held pending an arraignment as a pre-trial detainee.

7. While at the hospital, Dr. See was treated, evaluated, and a medical history was taken. The history noted that the plaintiff had a recent history of suicide attempts and had a recent history of delusional psychotic behavior, including a recent

psychiatric hospitalization and drug abuse. At the time of his evaluation at the hospital, treaters noted no evident sign of psychiatric distress. Dr. See was released to the custody of New Haven police officers on November 23, 2013 and taken directly to 1 Union Avenue, where he was booked and sent to a holding cell, arriving at 9:11 p.m.

8. Dr. See had a history of significant mental illness, was taking prescription narcotics to treat the illness and was addicted to methamphetamines. These facts were known to members of the New Haven Police Department as a result of their prior contact with Dr. See. Upon information and belief, information about Dr. See's narcotics abuse and addiction were also known to the defendants at the time Dr. See was booked on November 23, 2013 and throughout his brief detention.

9. After being searched, Dr. See was placed in a cell at about 9:56 p.m., and marshals, including the defendants, engaged in periodic tours of the cellblock on which he was housed throughout the night. The defendants claim they did not note signs of distress when they checked on Dr. See. In particular:

a. Defendant Dadio toured Dr. See's cellblock sometime between 11:30 p.m. and 12:30 a.m., on November 24, 2013; at about 4:30 a.m. on November 24, 2013; and at about 5:30 a.m.;

b. Defendant Harrington toured Dr. See's cellblock at about 2:15 a.m. on November 24, 2013; at about 4:13 a.m. on November 24, 2013; and, at about 5:09 on November 24, 2013;

c. Defendant Lateef toured Dr. See's cellblock at about 3:15 a.m. on November 24, 2013

d. Defendant Rivas toured Dr. See's cellblock at about 3:43;

3

e. Defendants Reilly and Rilley toured Dr. See's cellbock on alternating even hours throughout the night.

10. In fact, Dr. See was agitated, in distress and showing signs and symptoms of being under the influence of narcotics.

11. The defendants reported seeing Dr. See alive and well until at least 5:01 a.m., when defendant Rilley, toured Dr. See's cellblock.

13. At 6 a.m, defendants Reilly and Rivas conducted a morning tour, during which they passed out breakfasts to inmates on the cellblock. Dr. See did not move when yelled at or when touched. Medical attention was immediately summoned, as Dr. See was unresponsive to stimuli of any sort.

14. The defendants then took turns performing cardiopulmonary resuscitation on Dr. See, and summoned emergency medical attention, which arrived at 6:09 a.m. Efforts to resuscitated Dr. See failed, and he was pronounced dead at 6:15 a.m. on the scene by New Haven Fire Department responders.

15. A member of the New Haven Police Department immediately secured the cell pending an investigation by law enforcement personnel. There was no indication upon search of the cell of any contraband, or of any packaging material that had contained contraband.

16. Dr. See's body was collected by the Office of the State Medical Examiner at approximately 7:55 a.m.

17. Neither the emergency services workers who responded to the scene of Dr. See's arrest nor emergency room physicians familiar with his medical history noted any signs of psychiatric distress or behavior consistent with narcotics use.

18. The autopsy conducted on Dr. See determined that the manner and cause of his death were accidental acute methamphetamine and amphetamine intoxication with recent myocardial infarction. This medical finding of acute intoxication is consistent with Dr. See's having been provided with methamphetamine while incarcerated at 1 Union Avenue New Haven as a pretrial detainee at some time during the late evening hours of November 23, 2013 through the early morning hours of November 24, 2014.

19. The defendants, each of them, knew, as a result of their training and experience, that a significant number of persons held at 1 Union Avenue suffer from active narcotics addiction and/or are active drug users. The defendants knew and understood that detainees and other prisoners actively use and exchange narcotics for things of value while detained if given an opportunity to do so.

20. Pre-trial detainees are searched upon arrival at 1 Union Avenue for the express purpose, among others, of assuring that detainees do not bring contraband into the facililty.

21. Dr. See's husband was also incarcerated at 1 Union Avenue at the same time. The husband knew of Dr. See's narcotics use. Upon information and belief, Dr. See was provided methamphetamine by a person as yet unknown while incarcerated at 1 Union Avenue.

22. The defendants, each of them, were aware of the significant risk of narcotics abuse by pre-trial detainees, and consciously disregarded those risks by failing and refusing to conduct meaningful searches of detainees and by conducting inspections of the cell blocks that were perfunctory in character.

23. As a direct and proximate result of the acts and omissions herein described, Dr. See died, suffering anxiety, fear and terror in the moments before his death, loss of the enjoyment of life, including the loss of his career as a prominent and charismatic educator, and loss of the economic benefits to be gained therefrom, together with the loss of his right to due process of law.

WHEREFORE, the plaintiff seeks damages as follows:

    A. Compensatory damages in an amount a jury deems fair, just and reasonable;

    B. Attorney's fees and the costs of this action arising under 42 U.S.C. Section 1988;

    C. Punitive damages in an amount to be determined by a jury;

    D. Such other relief as this Court deems fair, just and reasonable.

## JURY TRIAL CLAIM

The plaintiff claims trial by jury.

THE PLAINTIFF

By _____
NORMAN A. PATTIS
The Pattis Law Firm, LLC
383 Orange St., First Floor
New Haven, CT 06511
203.393.3017
203.393.9745 (fax)
ct13120
npattis@pattislaw.com